**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED



JUN 11 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHUNGZHONG PAN,

Petitioner,

v.

ERIC H. HOLDER Jr., Attorney General,

Respondent.

No. 07-71321
08-70620

Agency No. A096-059-321

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 25, 2010 [**]

Before:      CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

In these consolidated petitions, Chungzhong Pan, a native and citizen of

China, petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's ("IJ") decision denying his

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

asylum and withholding of removal application in petition No. 07-71321 and the BIA's order denying his motion to reopen removal proceedings in petition No. 08-70620. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the BIA's denial of asylum and withholding of removal. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481 fn.1 (1992). We review for abuse of discretion the denial of a motion to reopen, *INS v. Doherty*, 502 U.S 314, 323, 324 (1992). We dismiss in part and deny in part the petition for review in No. 07-71321. We deny the petition for review in No. 08-70620.

As to No. 07-71321, we lack jurisdiction to review Pan's claims that the IJ failed to consider evidence of his persecution, and abused his discretion in denying his request for a continuance because he did not exhaust them. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

We decline to address Pan's CAT contention because it was not addressed by the BIA. *See Azanor v. Ashcroft*, 364 F.3d 1013, 1021 (9th Cir. 2004) ("we must decide whether to grant or deny the petition for review based on the Board's reasoning rather than our own independent analysis of the record"). To the extent the BIA erred by failing to address Pan's eligibility for CAT relief, the contention is waived. *See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005).

Substantial evidence supports the BIA's conclusion that Pan failed to establish past persecution or a well-founded fear of future persecution on account of a protected ground based on his testimony that government cadres beat him after his brother injured someone and his family failed to pay the injury settlement. *See Elias-Zacarias*, 502 U.S. at 481-83. Substantial evidence also supports the BIA's determination that Pan does not have a well-founded fear of future persecution based on China's one child policy because Pan testified he did not know of any problems he would face if he returned to China with more than one child. *See Zhao v. Mukasey*, 540 F.3d 1027, 1029-30 (9th Cir. 2008) (subjective fear requirement met when petitioner testified credibly to having such fear). Accordingly, his asylum and withholding of removal claims fail.

As to No. 08-70620, the BIA did not abuse its discretion in denying Pan's motion to reopen based on his violation of China's one child policy because Pan's evidence of multiple children was previously available and the country report evidence that women in Pan's municipality are subject to sterilization for having more than one child is not material to Pan as a man. *See Doherty*, 502 U.S at 324 (the moving party must show that previously unavailable material evidence could not have been discovered or presented at the former hearing).

07-71321

**No. 07-71321: PETITION FOR REVIEW DISMISSED in part;**

**DENIED in part.**

**No. 08-70620: PETITION FOR REVIEW DENIED.**